Authout J. Di G-iovauxa, J.
(dissenting). I dissent and do not agree with the decision directed by the majority in favor of the plaintiff “ as prayed for in the complaint.”
This was an action to foreclose a mechanic’s lien or, in the alternative, if the lien be declared invalid, for personal judgment in .the sum of $4,330. In my opinion the judgment below should be affirmed. Questions of fact were raised which required analysis of the testimony of many witnesses and the study of multitudinous exhibits. To the greatest extent the decision of the *378 court below was necessarily dependent upon its findings with, respect to the issue of credibility. When a trial has been had and the issue of credibility decided, such judgment should not be disturbed except upon a distinct finding that the decision was contrary to .the weight of the credible evidence. It must appear clearly in this court that the findings of the Trial Judge on the issue of credibility were so clearly wrong that no other recourse can be had except a reversal. The mere fact that another court trying the same issue might have reached a different result upon the same evidence does not justify a change of decision.
This was a retrial of an action which resulted in a judgment for the plaintiff in the first instance. Upon appeal to this court, the judgment was reversed and a new trial ordered upon the ground that the decision was contrary to the weight of the credible evidence. In a very lengthy report prepared by me and accepted by the other members of the court, it was agreed that the testimony of the plaintiffs’ witnesses was incredible, especially that of the steel inspector and of the architect, Philip Freshman.
One of the essential features of the retrial was an admission by the plaintiff that it had failed to complete the contract and do the work required of it. After the case had been on trial from May 31, 1961 and for several days thereafter, a motion was made on June 16,1961 for dismissal of the complaint. The court indicated that it was of the opinion that the work undertaken by the plaintiff had not been substantially performed a'M, in any event, it had not completed its obligation to obtain approval of the steelwork by the Building Department. The case was then adjourned to June 19, 1961. On the afternoon of June 16 the plaintiff submitted to the Building Department an amended plan for the substitution of old steel for new steel and obtained a quick approval thereof by Samuel Pinsker on that same date. This was not the usual procedure followed in the Building Department. When trial was resumed on June 19, 1961, Mr. Pinsker, an examiner of the Building Department, was called as a witness. The mechanic’s lien had been filed six years before. It could not have been the basis of a judgment for foreclosure of mechanic’s lien because the work undertaken by the plaintiff had not been completed when it was filed. Six years have gone by without a certificate of occupancy yet being granted to defendants for use of its building. Consequently, the reversal by the majority granting judgment of foreclosure to the plaintiff is, in my opinion, not supported by the evidence. No valid judgment of foreclosnre could be based upon a state of facts such as that.
*379 Throughout the first trial and again throughout the second trial, the prime issue was the substitution of old steel for new with .respect to the main beam which was designed to hold up the wall under reconstruction. At an examination before trial taken but one day before the first trial, Sol Shanus, one of the plaintiffs, testified that the contract called for new steel and that only new steel had been installed. In a bill of particulars he based his claim for recovery upon the fact that new steel only had been used. Nevertheless, he was permitted at the trial to base his claim upon the substitution of an old beam for the new beam. The result of such substitution was clearly evidenced in the report accepted by the majority of the court on the first appeal. His testimony at the second trial added nothing which had not been fully discussed at the first trial except that it now became apparent that additional old steel had been used, or at least the court below so found. During the period between trials the wall of the building was opened and inspected by both sides and it was discovered that a beam adjoining the substituted beam was in such a condition as to indicate its prior use. A great deal of evidence was submitted at this second trial on this issue. Implicit in the finding of the court below is a finding that such substitution was made. The denial of substitution by plaintiffs’ witnesses, as contradicted in the cross-examination and in the exhibits, bore heavily upon the issue of credibility and in the determination made by the court below.
Such studied result should not be cast aside. Throughout the record appear instances showing the court’s disbelief of the plaintiff’s testimony. As far as Sol Shanus is concerned, it is clear that he knew nothing about the job until the first trial took place. Harry Shanus, his father, who did not testify at the first trial, admittedly caused the substitution of the old beam for the new beam upon the theory that a steel shortage prevented his obtaining a new beam. He claimed acquiescence by the defendant. The trial court, upon the voluminous testimony submitted to it, found otherwise. The testimony of Freshman was partially read into evidence in support of the plaintiff’s claim. He had died since the first trial. His testimony, completely discredited by this court on the first appeal, bears no greater weight now. It would not serve any useful point to completely analyze all of the testimony appearing in the record, but I am of the opinion that the record shows such a complete and thorough analysis of the testimony by the trial court and weighing of the testimony that its decision should not be disturbed.
While it is true that the defendants sought $28,400 damages in their counterclaim, and the court allowed only $1,750, that *380 result is clearly understandable. Foreclosure of the mechanic’s lien is legally impossible under the circumstances. That the plaintiff performed a great deal of work cannot be questioned or challenged. However, it is readily inferable from the judgment, which merely dismissed the mechanic’s lien, that the court gave credit to the plaintiff either on a quantum meruit theory or an unjust enrichment theory for the work done.
I therefore recommend that the judgment be affirmed.
Hart, J., concurs in opinion by Brown, J.; Di Gtovanna, J.. dissents in opinion.
Judgment reversed, etc.